IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
10/02/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

MICKELLA PALMER EALEY,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
CHRISTOPHER CHAMBERLAIN,
Field Office Director, ICE;
TODD BLANCHE, Attorney General; and
MARKWAYNE MULLIN, DHS Secretary,

Respondents.

Case No. 26-3309-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges the adequacy of her bond hearing. For the reasons set forth below, the Court **denies** the petition.

Petitioner was detained by immigration officials on March 13, 2026, and her removal proceedings are pending. On July 16, 2026, an immigration judge (IJ) denied petitioner's request for release on bond, finding that she posed a danger to the community, and petitioner's appeal of that ruling to the Board of Immigration Appeals (BIA) is presently pending. Petitioner remains confined within this judicial district. On August 21, 2026, petitioner filed this habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

As her sole claim, petitioner argues that her bond hearing was inadequate in violation of due process. She concedes that this Court lacks jurisdiction to review an IJ's bond decision, and she insists that she is not seeking such a review or asking the Court to re-weigh the evidence before the IJ. She also concedes that the IJ at her hearing could properly consider the facts of her arrest for domestic battery even though she was not convicted of that particular offense. Instead, she claims that the IJ improperly relied on a misunderstanding of the police report. The IJ stated in his bond order as follows:

> [Petitioner] poses a danger to the community. On February 27, 2026, [petitioner] was arrested for domestic battery in Panama City, Florida. This charge was later changed to disorderly conduct. However, this does not appear to change the facts of the case which include chasing an individual with a kitchen knife, striking a victim in the chest and preventing a victim from leaving a residence.

Petitioner argues that the statement that she prevented a victim from leaving was not contained in the police report.

The Court denies this claim. First, although the police report states that the victim said that he left the apartment to avoid further escalation, it also states that petitioner chased the victim with a knife as he attempted to leave; thus, the IJ's statement is not necessarily inconsistent with the police report. Second, the salient point is that, whatever her intent,

petitioner struck and chased the victim with a knife; thus, petitioner has not shown that the IJ's dangerousness determination was not supported by the facts in the police report. Finally and most significantly, petitioner is essentially claiming that IJ got the facts wrong or misunderstood the evidence, and that is the very type of factual challenge that this Court lacks jurisdiction to consider (and which the BIA may address on appeal). Petitioner has not shown that her bond hearing violated due process, and therefore the Court denies the petition.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 2nd day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

[1] Petitioner also appears to argue that bond consideration is justified by changed circumstances, namely new evidence in the form of her husband's declaration. Petitioner may seek a new hearing based on changed circumstances, however, and she has not shown that any request for a second hearing has been denied in violation of federal law.